UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

In re: STEVEN A. & HOPE M. FIELDS,

       Debtors,

_____/

HOPE M. FIELDS,

       Appellant,

   v.

RETAILERS CREDIT ASSOCIATION,

       Appellee.

NO. CIV. S-09-2930 FCD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on *pro se* appellant Hope M. Fields' ("Fields" or "appellant") appeal of the bankruptcy court's entry of judgment against her, following trial on September 10, 2009. Pursuant to 28 U.S.C § 158(a), appellant elected appeal to this court.

The court has reviewed the parties' briefs and the underlying record and by this order, issues its decision AFFIRMING the bankruptcy court's ruling that the Sacramento Superior Court properly determined Fields incurred the subject

debt from Jack's House of Music after her bankruptcy procedings, and under the doctrine of collateral estoppel, Fields could not relitigate the issue.[1]  Appellant also moves for reversal of the bankruptcy court's judgment on the ground that the proceedings before the bankruptcy court violated her due process rights. This court finds that appellant was given sufficient due process in the bankruptcy court.

**BACKGROUND**

In 1981, appellant filed her first petition for bankruptcy protection in the Eastern District of California; however, in 1982 that filing was dismissed. (Appellee's Appendix ["A.A."], filed May 17, 2010, at 186, 187 [Fields Depo., 23:17-20, 24:17-18]).[2]  Appellant filed a second bankruptcy petition in this court in June 1982.  (A.A. 188 [Fields Depo., 25: 10-14]).  The second bankruptcy was filed as a Chapter 11 bankruptcy, but it ultimately was converted to a Chapter 7 bankruptcy.  (A.A. 188-89 [Fields Depo., 25:24-26]).  Those proceedings concluded in 1984. (Appellant Br. pp. 3-4.)

The litigation that lead to this appeal centers on a debt owed by appellant to Jack's House of Music for a musical

---

[1] Because the court finds that oral argument will not be of material assistance, it orders this matter submitted on the briefs.  E.D. Cal. L.R. 230(g).  The court also notes that appellant expressly waived oral argument. (See Docket #7).

[2] On June 2, 2010, this court granted appellee's "Motion to Augment the Record on Appeal," finding that appellant's appendix did not include all pertinent documents.  On August 13, 2010, appellant filed a request for Judicial Notice, which the court construes as an objection to certain items in the Augmented Record and Appellee's Appendix.  The court denies appellant's objections as moot.  The objections relate to material that is not relevant to the legal determinations in this appeal.

instrument appellant rented for her daughter. (Appellant Br. p. 3 ¶ 1). The debt was not listed in either of appellant's bankruptcy petitions. (A.A. 188, 189 [Fields Depo., 25:1-9, 26:4-16]). There is also no evidence in the record that Jack's House of Music was informed of either of appellant's bankruptcy filings. (A.A. 190-191 [Fields Depo., 29:21-30:15]).

In 1988, appellee Retailers Credit Association ("appellee" or "RCA") began its attempts to collect the debt, in the amount of $200.00, owed by appellant to Jack's House of Music. (A.A. 51-52);(A.A. 48 [Espinda Testimony, ¶ 6]). Appellee states that on three occasions[3] it contacted appellant regarding the debt to Jack's House of Music, and appellant did not mention in the telephone conversations that the debt had been discharged in bankruptcy. (A.A. 52-53);(A.A. 48 [Espinda Testimony,¶ 9, 11, 12]). Appellant asserts, to the contrary, that she received telephone calls from appellee starting in 1984, and that she informed the caller during each conversation that the debt had been discharged. (Appen. Tab J pp. 34-35 ¶ 8).

In 1990, appellee sued Fields. (A.A. 48 [Espinda Testimony, ¶ 12]). On August 28, 1991, a default judgment was entered against appellant in the amount of $374.13. (A.A. 106). Appellant asserts she was never served with RCA's complaint, and only discovered the judgment in 1998 when she attempted to obtain credit and was informed that appellee had a lien against her.

---

[3] March 6, 1989; November 16, 1989; and July 18, 1991. Appellee also claims that during the March 6, 1989 and the July 18, 1991 telephone conversations, appellant indicated that she would start sending money to satisfy the debt. (A.A. 52, 53); (A.A. 48 [Espinda Testimony, ¶ 9, 13]).

3

(Appellant Br. p. 5 ¶ 10, 12).

Thereafter, appellant filed a motion in the Sacramento County Superior Court, dated March 25, 2001, to vacate the default judgment against her, claiming that the judgment was for a debt that had been discharged in her bankruptcy. (A.A. 107). As alleged in appellant's 1990 complaint, on August 10, 1988, Fields entered into a contract with Jack's House of Music wherein appellant agreed to pay Jack's House of Music $200.00 for the lease of a musical instrument. (Appellant Br. p. 5 ¶ 12). In her motion to vacate the default judgment appellant claimed she never signed a contract with Jack's House of Music, in 1988 or at any other time. (Appen. Tab K p. 43 ¶ 5). The superior court denied appellant's motion to vacate the judgment, finding that "the debt was incurred after bankruptcy and is unaffected by it." (A.A. 121). Appellant moved for reconsideration and also appealed the superior court's decision. (A.A. 121-148). The court of appeal affirmed the superior court's order. (A.A. 149).

In August 2008, appellant filed two adversary proceedings against appellee. (Appellee Br. p. 8). In the actions, appellant requested a declaration that the judgment of the superior court was void and also sought damages in the amount of $1,000 per year for every year the judgment remained pending against her. (Appellee Br. p. 8). The adversary proceedings were consolidated, and the trial of the consolidated action took place on September 10, 2009 in the bankruptcy court. (A.A. 1-13). Prior to trial, the parties submitted direct testimony and documentary evidence to the court, pursuant to Bankruptcy Local Rule 9017-1. (Appellee Br. p. 9; A.A. 14-41). On September 10,

2009, appellant was given the opportunity to present evidence and was questioned by the court. (<u>Id.</u>).  Ultimately, the court ruled in favor of appellee, stating its findings of fact and conclusions of law on the record. (A.A. 1-13, 12: 8-10).  The court found that appellant did not establish that the debt to Jack's House of Music was incurred prior to her bankruptcy filings, nor did she establish that the debt was listed in her bankruptcy schedules or that Jack's House of Music had any knowledge of her bankruptcies. (A.A. 4:3-8, 6:1-8:2, 10:8-11:7). Further, the court ruled that regardless of appellant's factual showing, her claim failed as a matter of law because the superior court had already determined that the underlying debt was incurred *after* her bankruptcies and the doctrine of collateral estoppel precluded relitigation of that issue. (A.A 4:9-14, 6:1-7:6, 11:10-18).

**STANDARD OF REVIEW**

A district court's standard of review over a bankruptcy court's decision is identical to the standard used by circuit courts reviewing district court decisions. <u>See</u> <u>In re Baroff</u>, 105 F.3d 439, 441 (9th Cir. 1997).  Thus, the bankruptcy court's factual findings are reviewed for clear error, and its conclusions of law are reviewed de novo. <u>See</u> Fed. R. Bankr. P. 8013; <u>In re Southern Cal. Plastics, Inc.</u>, 165 F.3d 1243, 1245 (9th Cir. 1999).

**ANALYSIS**

While appellant raises a multitude of issues in her briefs, the only issues properly raised in this appeal are appellant's claims that: (1) the bankruptcy court erred in finding the debt

5

to Jack's House of Music was not discharged by her bankruptcies; and (2) that her due process rights were violated by the trial in the bankruptcy court.

Regarding the first issue, the superior and bankruptcy courts have concurrent jurisdiction to hear dischargeability actions. In re Watson, 192 B.R. 739, 746 (B.A.P. 9th Cir. 1996)(stating that "state courts and bankruptcy courts have concurrent jurisdiction over all proceedings 'arising under title 11 or in or related to cases under title 11.'"); see 28 U.S.C. § 1334(b) (2005).  The doctrine of collateral estoppel, however, precludes the relitigation of an issue when: "(1) the issue is identical to that which was decided in a former proceeding; (2) the issue was actually litigated in the former proceeding; (3) the issue was necessarily decided in the former proceeding; (4) the decision was final and on the merits; and (5) the party against whom the preclusion is sought is the same as, or in privity with, the party to the former proceeding." In re Watson, 192 B.R. at 746.

In this case, in 2001, appellant filed her motion to vacate the default judgment, arguing the underlying debt to Jack's House of Music had been discharged by her prior bankruptcy.  The superior court determined that the debt was not discharged in bankruptcy.  Fields' instant adversary complaints raise the same issue of dischargeability of the debt--appellant continues to claim that the debt to Jack's House of Music was discharged in her bankruptcy proceedings.  That issue was fully litigated and decided by the superior court, and the court's decision was affirmed on appeal.  The fact that the bankruptcy court has

1  concurrent jurisdiction to decide whether the debt to Jack's
2  House of Music was discharged in appellant's bankruptcy does not
3  preclude application of the doctrine of collateral estoppel.
4  Pursuant to that doctrine, the bankruptcy court properly
5  determined that appellant's adversary actions were precluded by
6  the superior court's decision as a matter of law.

7      Appellant presents a number of cases to argue that she is
8  not bound by the superior court's judgment; however, the cases
9  are inapposite to these facts.  Plaintiff relies on cases
10 involving automatic stays under 11 U.S.C. § 362, which has no
11 applicability here, or cases where jurisdiction lay exclusively
12 in federal court to determine the particular issue.  As
13 previously noted, here, there is concurrent jurisdiction over
14 appellant's dischargeability complaint.  Appellant chose to
15 litigate the issue in state court and she is bound by the
16 findings in that action.  Principles of collateral estoppel
17 preclude relitigation of the same issue in the bankruptcy court.

18     Because the court finds the bankruptcy court's legal
19 conclusion regarding application of the doctrine of collateral
20 estoppel proper, it need not reach the alleged factual errors
21 appellant raises as a basis for reversal of the bankruptcy
22 court's judgment.

23     Regarding the second issue raised by this appeal, the Due
24 Process Clause requires notice and an opportunity for a hearing,
25 appropriate to the nature of the case, before a person is
26 deprived of life, liberty, or property. <u>Mullane v. Central</u>
27 <u>Hanover Bank & Trust Co.</u>, 339 U.S. 306, 313 (1950).  Notice is
28 required because "the right to be heard has little reality or

worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." _Id._ at 314.  The due process requirement of a hearing, does not, however, mean that in every civil case there must be a hearing on the merits.  E.g., Boddie v. Connecticut, 401 U.S. 371, 378 (1971).  It is well recognized that the opportunity to be heard is one which must be granted "at a meaningful time and in a meaningful manner."  E.g., Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

In this case, appellant broadly claims that her due process rights to be notified and heard were violated.  However, her contentions are more specifically directed at the length of her hearing, and as to a claim that she was prevented from presenting evidence relevant thereto.  Pursuant to Local Rule 9017-1, the parties presented all direct testimony and all documentary evidence to the court in advance of trial.  On September 10, 2009 appellant was given an opportunity to present additional evidence and was questioned by the bankruptcy court.  Appellant thus received notice of the trial, she attended the trial, and, in addition to the evidence offered pursuant to Local Rule 9017-1, she gave testimony.  Accordingly, appellant was given an opportunity to be heard and to present evidence relevant to her claims, and therefore, the court cannot find a violation of her due process rights by the bankruptcy court.[4]

---

[4] Appellant also objects to the bankruptcy court's findings of fact and conclusions of law, citing Fed. R. Civ. P. 52(a).  However, under the rule, it is sufficient for findings of fact and conclusions of law to be stated orally on the record following the close of evidence.  The bankruptcy court complied with Rule 52(a), orally stating its findings on the record.

**CONCLUSION**

For the foregoing reasons, the bankruptcy court's judgment is AFFIRMED.  The Clerk of the Court is directed to close this file.

IT IS SO ORDERED.

DATED: August 24, 2010

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE